**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 3, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

PAULA YVETTE COLLINS,

　　Defendant - Appellant.

No. 24-1190
(D.C. No. 1:23-CR-00044-RM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **PHILLIPS**, **EBEL**, and **KELLY**, Circuit Judges.
_____

The government has filed a motion to enforce the appeal waiver in

Paula Yvette Collins's plea agreement under *United States v. Hahn*, 359 F.3d 1315

(10th Cir. 2004) (en banc).  For the following reasons, we grant the motion and

dismiss the appeal.

Ms. Collins pleaded guilty to conspiracy to commit mail fraud.  The district

court sentenced her to 20 months in prison, which was below the Sentencing

Guidelines range of 37 to 46 months in prison.  Despite the appeal waiver in her plea

agreement, Ms. Collins filed a notice of appeal.

_____

* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The government moved to enforce the appeal waiver under *Hahn*. Ms. Collins's counsel filed a response to the motion pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating her belief that opposition to the motion would be wholly frivolous. Counsel also filed a motion for leave to withdraw. Consistent with the procedure outlined in *Anders*, *id.* at 744, we gave Ms. Collins the opportunity to file a pro se response to show why the appeal waiver should not be enforced. She filed a pro se response, and the government filed a reply.

We will enforce an appeal waiver if (1) "the disputed appeal falls within the" waiver's scope; (2) "the defendant knowingly and voluntarily waived [her] appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. The government argues that all three of these conditions are met in this case.

Ms. Collins asserts "[t]his court should not enforce the waiver of [her] right to appeal" because she "was taking medications and under the influence when [she] changed [her] plea" to guilty. Pro se Resp. at 1. She argues she did not enter a knowing and voluntary guilty plea under Federal Rule of Criminal Procedure 11 because the district court did not adequately inquire into the medications she was taking and her ability to understand the proceedings. She also argues enforcement of the waiver "would result in a miscarriage of justice." *Id.*

We liberally construe Ms. Collins's pro se response.[1]  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed." (internal quotation marks omitted)).  In doing so, we construe her response as primarily arguing her appeal waiver was not knowing and voluntary because her guilty plea was not knowing and voluntary.  We will also consider her miscarriage-of-justice argument.  Ms. Collins does not argue her appeal is outside the scope of her appeal waiver, so we need not address that issue.  *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

*Knowing and Voluntary*

"[I]n determining whether an appellate waiver is knowing and voluntary under *Hahn*, we may consider whether the entire plea agreement, including the plea, was entered knowingly and voluntarily."  *United States v. Rollings*, 751 F.3d 1183, 1186 (10th Cir. 2014).  Ms. Collins asserts "the Court did not inquire into the medications that I had taken on the day of the change-of-plea hearing, as well as their effect on my ability to understand the proceedings, I am stating the sufficiency of the Court's inquiry was not enough and I was not competent to plead guilty."  Pro se Resp. at 2.

Because Ms. Collins did not raise this argument in district court—even when she filed a motion to withdraw her guilty plea—*Rollings* dictates we review her argument solely for plain error, *see* 751 F.3d at 1191.  Under the "demanding" plain-error standard, "[s]he must demonstrate:  (1) an error, (2) that is plain, which

---

[1] We also consider Ms. Collins's amended response, which included a copy of the same response she initially filed, but also included one attached exhibit.

3

means clear or obvious under current law, and (3) that affects substantial rights." *United States v. Rosales-Miranda*, 755 F.3d 1253, 1258 (10th Cir. 2014) (internal quotation marks omitted). "If [s]he satisfies these criteria, this Court *may* exercise discretion to correct the error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Ms. Collins has failed to show the district court erred, let alone plainly erred in a manner that affected her substantial rights, during her plea colloquy. As set out in her response, the district court asked her if she was being treated for any form of mental illness, and she responded she was taking medicine for anxiety. The court then asked if she took her medication that day, and when she responded yes, the court asked "[i]s there anything about the medication that makes it difficult for you to think or understand or process information?" Pro se Resp. at 2. She responded, "No." *Id.* The court followed up by asking "[a]re you in fact able to think clearly and make intelligent decisions today?" *Id.* And she responded, "Yes." *Id.*

Given she testified under oath that her medication did not affect her ability to understand, think clearly or make intelligent decisions, Ms. Collins has not shown what further inquiry the district court needed to make. Nor has she shown she was not competent to plead guilty or that her guilty plea was not knowing and voluntary.

*Miscarriage of Justice*

Ms. Collins also contends enforcing her appeal waiver would result in a miscarriage of justice. A miscarriage of justice occurs: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of

4

counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (internal quotation marks omitted). Ms. Collins has not asserted any of these circumstances occurred in her case. She has therefore failed to show enforcing the waiver would result in a miscarriage of justice.

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss this appeal. We also grant counsel's motion to withdraw.

Entered for the Court

Per Curiam